UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS CASTAGNOLA, <br><br> Plaintiff, <br><br> v. <br><br><br> Defendant. | Case No. 3:24-cv-01970-JSC <br><br> **DISMISSAL ORDER** <br> Re: Dkt. No. 14 |

Plaintiff Michael Louis Castagnola, who is representing himself, initially filed this case as a miscellaneous action. *See* Case No. 24-mc-80050. It was reassigned to the undersigned judge as related to earlier action, 19-8290 JSC, which had been dismissed in 2020. The Court then reviewed the action and concluded it was misclassified and should be opened as a regular civil action. (Dkt. No. 8.) The Court thus ordered the case reclassified and the miscellaneous filing fee refunded to Plaintiff. (*Id*.) On April 1, 2024, the Clerk mailed Plaintiff a copy of the civil case opening documents including the form for a filing a civil complaint and directed Plaintiff to pay the $405 filing fee or file an application to proceed in forma pauperis. (Dkt. No. 10.) Plaintiff thereafter filed two documents, but it was unclear what relief, if any, Plaintiff sought in the filings. (Dkt. Nos. 12, 13.) The Court thus again directed Plaintiff to submit the case opening documents and pay the filing fee or file a motion to proceed in forma pauperis by May 31, 2024. (Dkt. No. 14.) To date, Plaintiff has not responded to the Court's Order.

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a

showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted) overruled on other grounds by *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020).  In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).  By failing to respond to the Court's Orders Plaintiff has delayed adjudication of this action.  Non-compliance with the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff failure to respond would result in dismissal of this action. (Dkt. Nos. 11, 14.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.")). The fourth factor thus weighs in favor of

dismissal.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, given that no defendant is named, and no viable cause of action is stated, this factor is neutral at best.

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action without prejudice.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 11, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

3